1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

11
12
13
14
15
16
17

TAMMY BYLUND,

                    Plaintiff,

          v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                    Defendant.

Case No. EDCV 15-1334 JC

MEMORANDUM OPINION AND
ORDER OF REMAND

18

**I.     SUMMARY**

19          On July 6, 2015, Tammy Bylund ("plaintiff") filed a Complaint seeking
20   review of the Commissioner of Social Security's denial of plaintiff's application
21   for benefits.  The parties have consented to proceed before the undersigned United
22   States Magistrate Judge.
23          This matter is before the Court on the parties' cross motions for summary
24   judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion").  The
25   Court has taken both motions under submission without oral argument.  See Fed.
26   R. Civ. P. 78; L.R. 7-15; July 8, 2015 Case Management Order ¶ 5.
27   ///
28   ///

Based on the record as a whole and the applicable law, the decision of the Commissioner is REVERSED AND REMANDED for further proceedings consistent with this Memorandum Opinion and Order of Remand.

## II.   BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On August 31, 2012, plaintiff filed an application for Supplemental Security Income alleging disability on February 28, 2006, due to bipolar disorder and schizophrenia.  (Administrative Record ("AR") 11, 159, 269).  The Administrative Law Judge ("ALJ") examined the medical record and heard testimony from plaintiff (who was represented by counsel) and a vocational expert on September 27, 2013.  (AR  26-54).

On November 25, 2013, the ALJ determined that plaintiff was not disabled through the date of the decision.  (AR 11-20).  Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments:  chronic obstructive pulmonary disease ("COPD"), affective disorder, and personality disorder (AR 13); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal a listed impairment (AR 14); (3) plaintiff retained the residual functional capacity to perform light work (20 C.F.R. § 416.967(b)) with additional limitations[1] (AR 15); (4) plaintiff has no past relevant work (AR 18); (5) there are jobs that exist in significant numbers in the national economy that plaintiff could perform, specifically office helper and mail clerk (AR 19); and (6) plaintiff's

///

///

---

[1]The ALJ determined that plaintiff also:  (i) was precluded from working at heights or around moving machinery; (ii) needed to avoid more than moderate exposure to airborne pollutants, dust, gases, and poorly ventilated areas; (iii) retained the mental capacity to perform simple, routine, repetitive work with no more than occasional decision-making and occasional workplace changes; and (iv) was precluded from interaction with the public, and could have occasional interaction with coworkers.  (AR 15).

1  allegations regarding the intensity, persistence, and limiting effects of subjective
2  symptoms were not entirely credible (AR 16).

3       The Appeals Council denied plaintiff's application for review.  (AR 1).

4  **III.  APPLICABLE LEGAL STANDARDS**

5       **A.  Sequential Evaluation Process**

6       To qualify for disability benefits, a claimant must show that the claimant is
7  unable "to engage in any substantial gainful activity by reason of any medically
8  determinable physical or mental impairment which can be expected to result in
9  death or which has lasted or can be expected to last for a continuous period of not
10 less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012)
11 (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted).  The
12 impairment must render the claimant incapable of performing the work the
13 claimant previously performed and incapable of performing any other substantial
14 gainful employment that exists in the national economy.  Tackett v. Apfel, 180
15 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

16      In assessing whether a claimant is disabled, an ALJ is required to use the
17 following five-step sequential evaluation process:

18     (1)    Is the claimant presently engaged in substantial gainful activity?  If
19           so, the claimant is not disabled.  If not, proceed to step two.

20     (2)    Is the claimant's alleged impairment sufficiently severe to limit
21           the claimant's ability to work?  If not, the claimant is not
22           disabled.  If so, proceed to step three.

23     (3)    Does the claimant's impairment, or combination of
24           impairments, meet or equal an impairment listed in 20 C.F.R.
25           Part 404, Subpart P, Appendix 1?  If so, the claimant is
26           disabled.  If not, proceed to step four.

27 ///
28 ///

(4)   Does the claimant possess the residual functional capacity to perform claimant's past relevant work?  If so, the claimant is not disabled.  If not, proceed to step five.

(5)   Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work experience, allow the claimant to adjust to other work that exists in significant numbers in the national economy?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five.  Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1098); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (claimant carries initial burden of proving disability).

**B.   Standard of Review**

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error.  Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)).  Federal courts may review only the reasoning in the administrative decision itself, and may affirm a denial of benefits only for those reasons upon which the ALJ actually relied.  Garrison v. Colvin, 759 F.3d 995, 1010 (9th Cir. 2014) (citation omitted); see also Molina, 674 F.3d at 1121 (citing Securities and Exchange Commission v. Chenery Corp., 332 U.S. 194, 196 (1947)) ("[courts] may not uphold an agency's decision on a ground not actually relied on by the agency").

///

4

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted). It is more than a mere scintilla but less than a preponderance. Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)). To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)). A denial of benefits must be upheld if the evidence could reasonably support either affirming or reversing the ALJ's decision. Robbins, 466 F.3d at 882 (a court may not substitute its judgment for that of the ALJ) (citing Flaten, 44 F.3d at 1457); see also Molina, 674 F.3d at 1111 ("Even when the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record.") (citation omitted).

Even when an ALJ's decision contains error, it must still be affirmed if the error was harmless. Treichler v. Commissioner of Social Security Administration, 775 F.3d 1090, 1099 (9th Cir. 2014). An ALJ's error is harmless if (1) it is inconsequential to the ultimate nondisability determination; or (2) the ALJ's path may reasonably be discerned, even if the ALJ explains the ALJ's decision with less than ideal clarity. Id. (citation, quotation marks, and internal quotations marks omitted).

A reviewing court may not make independent findings based on the evidence before the ALJ to conclude that the ALJ's error was harmless. Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015) (citations omitted); see also Marsh v. Colvin, 792 F.3d 1170, 1172 (9th Cir. 2015) (district court may not use harmless error analysis to affirm decision on ground not invoked by ALJ) (citation omitted). Where a reviewing court cannot confidently conclude that an

5

1    error was harmless, a remand for additional investigation or explanation is

2    generally appropriate.  See Marsh, 792 F.3d at 1173 (remanding for additional

3    explanation where ALJ ignored treating doctor's opinion and court not could not

4    confidently conclude ALJ's error was harmless); Treichler, 775 F.3d at 1099-1102

5    (where agency errs in reaching decision to deny benefits and error is not harmless,

6    remand for additional investigation or explanation ordinarily appropriate).

7    **IV.   DISCUSSION**

8            Plaintiff contends that the ALJ failed properly to develop the record of

9    limitations related to plaintiff's COPD and failed to account for plaintiff's need to

10   bring her home oxygen tank to work.  (Plaintiff's Motion at 2-6).  Remand is

11   warranted because substantial evidence does not support the ALJ's residual

12   functional capacity assessment and the Court cannot find that the ALJ's error was

13   harmless.

14           First, the ALJ found plaintiff's COPD to be a severe impairment, and

15   purportedly accounted in the residual functional capacity assessment for that

16   impairment and plaintiff's "being on home oxygen" by limiting plaintiff "to no

17   more than light exertion work activity with no more than moderate exposure to

18   airborne pollutants, dust, gasses and poorly ventilated areas."  (AR 13, 15, 18).  To

19   support his decision, the ALJ gave "some weight" to medical opinions provided

20   by a consultative examining psychiatrist and neurologist (Dr. Nibonth

21   Viravathana), and several state-agency reviewing physicians (Drs. F. Greene, P.

22   Spitzer, A. Lizarraras, and C. Friedman).  (AR 18) (citing Exhibits 5A at 8-9 [AR

23   68-69], 7A at 8-9 [AR 82-83], 3F at 1-3 [AR 398-400], 4F [AR 406-10], 5F [AR

24   411], 7F [AR 425-26]).  Nonetheless, in reaching their opinions, none of these

25   physicians considered any of the medical records of plaintiff's COPD or home

26   oxygen the ALJ noted in the administrative decision, nor did their opinions

27   address or otherwise account for limitations stemming from plaintiff's COPD or

28   home oxygen use in any other way (e.g., by assessing environmental limitations

1    for plaintiff).  (Compare AR 18 [ALJ discussing plaintiff's medical records related

2    to COPD and home oxygen dated February 2, February 11, April 1, and June 17,

3    2013] with AR 68-69 [Physical Residual Functional Capacity Assessment

4    ("PRFCA") by Dr. Lizarraras dated November 20, 2012], AR 82-83 [PRFCA by

5    Dr. Friedman dated February 21, 2013], AR 398-400 [Neurological Evaluation by

6    Dr. Viravathana dated March 3, 2007], AR 406-10 [PRFCA by Dr. Greene dated

7    March 27, 2007], AR 411 [Case Analysis by Dr. Greene dated March 27, 2007],

8    AR 425-26 [Case Analysis by Dr. Spitzer dated June 5, 2007]).

9           Second, since the record does not contain any treating or examining opinion

10    which addresses the extent of limitations caused by plaintiff's COPD and home

11    oxygen use, it appears that the ALJ ultimately based his assessment of the impact

12    of such limitations on plaintiff's residual functional capacity solely on the ALJ's

13    own lay interpretation of the medical records as a whole.  (See AR 18).  As a lay

14    person, however, "an ALJ is 'simply not qualified to interpret raw medical data in

15    functional terms.'"  Padilla v. Astrue, 541 F. Supp. 2d 1102, 1106 (C.D. Cal.

16    2008) (quoting Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999) (per curiam),

17    and citing Day v. Weinberger, 522 F.2d 1154, 1156 (9th Cir. 1975)); see also

18    Manso-Pizarro v. Secretary of Health and Human Services, 76 F.3d 15, 17 (1st

19    Cir. 1996) ("With a few exceptions . . . an ALJ, as a layperson, is not qualified to

20    interpret raw data in a medical record.").  Consequently, the Court cannot

21    conclude that substantial evidence supports the ALJ's residual functional capacity

22    assessment.  See, e.g., Penny, 2 F.3d at 958 ("Without a personal medical

23    evaluation it is almost impossible to assess the residual functional capacity of any

24    individual."); Tagger v. Astrue, 536 F. Supp. 2d 1170, 1181 (C.D. Cal. 2008)

25    ("ALJ's determination or finding must be supported by medical evidence,

26    particularly the opinion of a treating or an examining physician.") (citations and

27    internal quotation marks omitted); see also Banks v. Barnhart, 434 F. Supp. 2d

28    800, 805 (C.D. Cal. 2006) ("[ALJ] must not succumb to the temptation to play

doctor and make . . . independent medical findings.") (citations and quotation marks omitted); <u>Winters v. Barnhart</u>, 2003 WL 22384784, *6 (N.D. Cal. Oct. 15, 2003) ("The ALJ is not allowed to use his own medical judgment in lieu of that of a medical expert.") (citations omitted); <u>Gonzalez Perez v. Secretary of Health and Human Services</u>, 812 F.2d 747, 749 (1st Cir. 1987) (ALJ may not "substitute his own layman's opinion for the findings and opinion of a physician") (citation omitted).

Finally, the Court cannot conclude that the ALJ's error was harmless.  At the hearing the ALJ observed that "[w]ith the oxygen, probably sedentary [work] is most reasonable [for plaintiff]."  (AR 43).  In addition, the vocational expert testified that there would be no work available if plaintiff (or a hypothetical individual with the same characteristics as plaintiff) was "off task 20 percent of the day" due to "anxiety attacks and problems breathing."  (AR 43, 52).  Thus the Court cannot conclude that the ALJ's failure properly to consider plaintiff's COPD and home oxygen use was inconsequential to the ultimate nondisability determination.

///
///
///
///
///
///
///
///
///
///
///
///

8

1    **V.    CONCLUSION**[2]

2        For the foregoing reasons, the decision of the Commissioner of Social

3   Security is reversed in part, and this matter is remanded for further administrative

4   action consistent with this Opinion.[3]

5        LET JUDGMENT BE ENTERED ACCORDINGLY.

6   DATED:    June 29, 2016

7

                              /s/

8                              Honorable Jacqueline Chooljian

9                              UNITED STATES MAGISTRATE JUDGE

---

[2]The Court need not, and has not adjudicated plaintiff's other challenges to the ALJ's decision, except insofar as to determine that a reversal and remand for immediate payment of benefits would not be appropriate.

[3]When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted). Remand is proper where, as here, "additional proceedings can remedy defects in the original administrative proceeding. . . ." Garrison, 759 F.3d at 1019 (citation and internal quotation marks omitted).